```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARISA GANKINA                  :      CIVIL ACTION
                                :
    v.                          :
                                :
MICHAEL J. ASTRUE               :      NO. 11-3630
```

ORDER

AND NOW, this 27th day of April, 2012, upon careful and independent consideration of plaintiff Larisa Gankina's brief and statement of issues in support of request for review (docket entry # 6), defendant Michael J. Astrue's (the "Commissioner") response thereto (docket entry # 11), the Honorable Timothy R. Rice's report and recommendation ("R&R") (docket entry # 14), to which the Commissioner filed an objection within the period specified by Loc. R. Civ. P. 72.1 IV(b) (docket entry # 15), and Gankina's response thereto (docket entry # 16), and the Court rejecting the Commissioner' objections because:

(a)  We do not agree with the Commissioner that Judge Rice's R&R "mischaracterizes Third Circuit requirements concerning the level of detail required in the ALJ's decision to facilitate judicial review[,]" Objections 1[1];

---

1. We exercise plenary review over matters of law. See Podedworny v. Harris, 745 F.2d 210, 221 n. 8 (3d Cir. 1984). Since we do not disturb Judge Rice's statement of the law and the

(continued...)

(b)   Our Court of Appeals's opinion in <u>Cooper v. Commissioner of Social Security</u>, 268 F. App'x 152, 156 (3d Cir. 2008) (reviewing ALJ's decision pursuant to 20 C.F.R. § 416.923, the same regulation at issue here), is on point and highly persuasive here,[2] cf. <u>Diaz v. Comm'r of Soc. Sec.</u>, 577 F.3d 500, 504-05 (3d Cir. 2009) (ultimately remanding back to Commissioner because "[w]ere there any discussion of the combined effect of [plaintiff's] impairments, we might agree with the District Court['s affirmance of the ALJ's decision].  However, absent analysis of the cumulative impact of [plaintiff's] obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function.");

(c)   Judge Ambro's opinion in <u>Cooper</u> makes plain that when "nothing in the ALJ's opinion discusses combining any of the many ailments or how those combinations measure up to the listings at step three of the disability-claim analysis" pursuant to § 416.923, there is "no evidence (let alone substantial

---

1.  (...continued)
Commissioner fails to specifically identify any other objectionable portions of the R&R, we need not reevaluate <u>de novo</u> the whole of Judge Rice's reasoning here.

2.  It has not escaped our attention that plaintiff's counsel, Eric J. Fischer, successfully argued <u>Cooper</u> before our Court of Appeals.

evidence) to support a finding that [plaintiff's] ailments, taken in combination, do not satisfy a listing at step three[,]" 268 F. App'x at 156, thus warranting ultimate remand to the Commissioner for further circumscribed proceedings;

(d)   This reasoning convinces us that though the "ALJ analyzed each of Gankina's individual impairments, [because] he made only a conclusory statement that Gankina's combined impairments did not meet or equal a Listing" the analysis fails to comport with an ALJ's § 416.923 analytical obligation, R&R 13 (internal citations and footnote omitted);

(e)   Tellingly, despite plaintiff and Judge Rice's reliance on Cooper, the Commissioner's objections continue to ignore this authority;

(f)   Instead, the Commissioner conclusorily contends that the "ALJ clearly articulated the basis for his decision that Plaintiff did not meet or equal any of the relevant listings[,]" Objections 6;

(g)   But, for the reasons rehearsed above, § 416.923 requires more;

(h)   The most relevant cases to which the Commissioner points -- principally Johnson v. Commissioner of Social Security,

398 F. App'x 727 (3d Cir. 2010) and Cop v. Commissioner of Social Security, 226 F. App'x 203 (3d Cir. 2007) -- are distinguishable;

      (i)   As an initial matter, these opinions discuss "combinations" in the context of a different (though admittedly related) regulation: 20 C.F.R. § 404.1526(b);

      (j)   More importantly, Johnson and Cop upheld the ALJ's decisions because the ALJ engaged in some form of combinatorial analysis;

      (k)   In Johnson, the Court found that the ALJ proffered a suitable combinatorial standard when the ALJ reasoned that "there was no 'closely analogous listed impairment[]' for which a 'combination of impairments [was] medically equivalent[,]" see 398 F. App'x at 734 (brackets in original);

      (l)   Similarly in Cop, our Court of Appeals reasoned that the ALJ "compare[d] the combination of his impairments to the listings" in stage four and this reasoning was referenced in and imported into the ALJ's stage three analysis, see 226 F. App'x at 208;

      (m)   Johnson and Cop are also consonant with Torres v. Commissioner of Social Security, 279 F. App'x 149 (3d Cir. 2008) despite their differing outcomes on the question of remand;

(n) In Torres, our Court of Appeals vacated the District Court's order and remanded it to the District Court for a remand to the Commissioner for further proceedings because "the ALJ failed at step three by failing to consider Torres' impairments in combination when determining medical equivalence" under § 404.1526(b) and providing an "analysis [that was] conclusory and inadequate," 279 F. App'x at 152; see also Diaz, 577 F.3d at 504-05;

(o) Thus, in reviewing ALJs' decisions under both § 404.1526(b) and § 416.923, our Court of Appeals has unequivocally held that combinatorial analysis is a required part of an ALJ's reasoning;

(p) We thus agree with Judge Rice's statement of the law that led him to conclude that the ALJ did not properly evaluate whether Gankina's "physical and psychological ailments in combination with each other" satisfy a listing at step three, see Cooper, 268 F. App'x at 156; R&R 2, 11-13; and

(q) We will thus remand this matter to the Commissioner for further proceedings consistent with this Order and the reasoning in Judge Rice's R&R;

It is hereby ORDERED that:

      1.   Judge Rice's report and recommendation (docket entry # 14) is APPROVED and ADOPTED;

      2.   Plaintiff's request for review (docket entry # 6) is GRANTED IN PART;

      3.   This case is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Judge Rice's report and recommendation; and

      4.   The Clerk of Court shall CLOSE this case statistically.

                                          BY THE COURT:

                                          <u>/s/ Stewart Dalzell, J.</u>